1
2
3
4
5
6
7
8             # UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   REFUGIO CARRILLO,                    Case No.  1:20-cv-00783-NONE-BAM

12            Plaintiff,                  ORDER GRANTING APPLICATION TO
                                          PROCEED *IN FORMA PAUPERIS*
13        v.
                                          FINDINGS AND RECOMMENDATIONS TO
14   HOPE L. SWANN, et al,                DISMISS ACTION AS DUPLICATIVE

15            Defendants.                 (Doc. Nos. 1, 3)

16                                        **FOURTEEN (14) DAY DEADLINE**

17

18        Plaintiff Refugio Carrillo ("Plaintiff"), proceeding *pro se*, filed this civil action on June 5,

19   2020.  (Doc. No. 1.)  Concurrent with his complaint, filed an application to proceed without

20   payment of fees.  (Doc. No. 3.)  Currently before the Court is Plaintiff's application, along with

21   his complaint for screening.

22        **I.        Application to Proceed *In Forma Pauperis***

23        Plaintiff has requested leave to proceed *in forma pauperis* pursuant to Title 28 of the United

24   States Code section 1915(a).  Plaintiff has made the showing required by section 1915(a), and

25   accordingly, the request to proceed *in forma pauperis* will be granted.  28 U.S.C. § 1915(a).

26        **II.       Screening Requirement and Standard**

27        The Court screens complaints brought by persons proceeding pro se and in forma

28   pauperis.  28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to

                                          1

1    dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be

2    granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28

3    U.S.C. § 1915(e)(2)(B)(ii).

4         A complaint must contain "a short and plain statement of the claim showing that the

5    pleader is entitled to relief . . .."  Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

6    required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

7    conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*

8    *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as

9    true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*,

10   572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

11        To survive screening, Plaintiffs' claims must be facially plausible, which requires

12   sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable

13   for the misconduct alleged. *Iqbal*, 556 U.S. at 678; *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969

14   (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere

15   consistency with liability falls short of satisfying the plausibility standard. *Iqbal,* 556 U.S. at 678;

16   *Moss*, 572 F.3d at 969.

17        **III.    Plaintiff's Allegations**

18        Plaintiff brings this action against the following defendants:  (1) Department of Justice,

19   Civil Division Torts Branch, James G. Toughey, Jr.,  Director of Tort Claims; (2) Hope L. Swann,

20   Paralegal Specialist; (3) Marth Hirschfield, Attorney Advisor for the Office of the Inspector

21   General; (4) Cecilia Besse, Acting Deputy General Counsel; and (5) Brent McIntosh, General

22   Counsel for the United States Department of the Treasury.  Plaintiff alleges violations of the right

23   to due process, the Ninth Amendment, and the Fourteenth Amendment reportedly due to the

24   denial of an administrative claim submitted under the Federal Tort Claims Act ("FTCA"). He

25   seeks eleven trillion dollars for being kidnapped twice by the Department of Justice ("DOJ") and

26   for a trademark belonging to him. Plaintiff also seeks a stop and desist order for harassment and

27   stalking by the DOJ.

28        Plaintiff submitted several attachments with his complaint.   These attachments include:

1   (1) December 10, 2018 letter from Hope L. Swann Re:  <u>Submission of Refugio Carrillo</u>, which

2   denied Plaintiff's administrative claim because it lacked a sum certain rendering it invalid (Doc.

3   No. 1 at 10.); (2) April 2, 2019 letter from Hope L. Swann Re:  <u>Administrative Tort Claim for</u>

4   <u>Refugio Carrillo</u>, which denied Plaintiff's administrative tort claim because it was unsigned

5   rendering it invalid (*Id.* at 38); (3) December 18, 2019 Administrative Claim Recommendation:

6   Absurd, which found Plaintiff's administrative tort claim "absurd and nonsensical" (*Id.* at 9); (4)

7   January 6, 2020 letter from James Touhey, Jr. Re:  <u>Administrative Tort Claim of Refugio Carrillo</u>,

8   which notified Plaintiff that DOJ had reviewed and denied Plaintiff's administrative tort claim.

9   (*Id.* at 8.)  Plaintiff's complaint also references a Statement of Claim, which details events

10  spanning the period from 1994 through January 2020 with additional exhibits.  (*Id.* at pp. 11-37.)

11          **IV.    *Carrillo v. Department of Justice, et al.*, No. 1:20-cv-00762-AWI-SAB**

12          On June 2, 2020, Plaintiff filed *Carrillo v. Department of Justice, et al.*, No. 1:20-cv-

13  00762-AWI-SAB (hereinafter "*Carrillo I*").[1]  The complaint in *Carrillo I* is virtually identical to

14  the complaint filed in the instant action, including in parties, claims, factual allegations, length

15  and attachments.   (*See Carrillo I*, Doc. No. 1.)  The only difference that the Court can identify is

16  a handwritten notation on the first page of the complaint in the instant action stating, "In the

17  United States District Court, Bakersfield federal Court House 510 19th St Bakersfield CA

18  93301." (Doc. 1 at 1.)  This notation is not material.

19          In *Carrillo I*, the assigned magistrate judge issued findings and recommendations to

20  dismiss the complaint for failure to state a claim on June 5, 2020.  (*See Carrillo I*, Doc. No. 4.)

21  The findings and recommendations were submitted to the assigned district judge and Plaintiff was

22  advised that any objections were to be filed within thirty days following service of the

23  recommendation.  (*Id.*)  Plaintiff filed objections on June 19, 2020.  (*See Carrillo I*, Doc. No. 5.)

24          **V.     Discussion**

25          Duplicative lawsuits filed by a plaintiff proceeding in forma pauperis are subject to

26  dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e).  *See, e.g., Cato v. United*

27  *States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *McWilliams v. State of Colo*., 121 F.3d 573, 574

28  ――――――――――――――――
[1] The Court takes judicial notice of the files in that case.  Fed. R. Evid. 201.

1   (10th Cir. 1997); *Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir. 1993); *Bailey v. Johnson*, 846

2   F.2d 1019, 1021 (5th Cir. 1988).  A complaint that merely repeats pending or previously litigated

3   claims may be considered abusive and dismissed under § 1915.  *Cato*, 70 F.3d at 1105 n.2;

4   *Bailey*, 846 F.2d at 1021.  "Dismissal of the duplicative lawsuit, more so than the issuance of a

5   stay or the enjoinment of proceedings, promotes judicial economy and the comprehensive

6   disposition of litigation."  *Adams v. Cal. Dep't of Health Servs*., 487 F.3d 684, 692–93 (9th Cir.

7   2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

8          "[I]n assessing whether the second action is duplicative of the first, we examine whether

9   the causes of action and relief sought, as well as the parties or privies to the action, are the same."

10  *Adams*, 487 F.3d at 689 (citations omitted).  "Plaintiffs generally have no right to maintain two

11  separate actions involving the same subject matter at the same time in the same court and against

12  the same defendant."  *Id.* at 688 (internal quotations and citations omitted).

13         As discussed above, the complaint in *Carrillo I* is identical in all material respects to the

14  complaint filed in the instant case.   The documents are identical with the exception of a single

15  handwritten notation identifying the Bakersfield Division of the Eastern District of California.  In

16  both cases, Plaintiff raises the same claims, arising out of the same events, involving the same

17  parties, and infringing upon the same rights.  Therefore, the Court finds that this case should be

18  dismissed because it is duplicative of *Carrillo I*, his earlier filed, currently pending case.

19         **VI.    Conclusion and Recommendation**

20         Based on the foregoing, the Court HEREBY RECOMMENDS that this action be

21  dismissed as duplicative.

22         These Findings and Recommendation will be submitted to the United States District Judge

23  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen**

24  **(14) days** after being served with these Findings and Recommendation, Plaintiff may file written

25  objections with the court. The document should be captioned "Objections to Magistrate Judge's

26  Findings and Recommendation." Plaintiff is advised that failure to file objections within the

27  specified time may result in the waiver of the "right to challenge the magistrate's factual

28  findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v.*

1 | *Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

2

3 | IT IS SO ORDERED.

4 |     Dated:   **June 29, 2020**                    /s/ *Barbara A. McAuliffe*

5 |                                            UNITED STATES MAGISTRATE JUDGE